## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| MARSHA K. ROARK<br>　　　　　　*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY.,<br>LILLY USA, LLC.,<br>　　　　　　*Defendant(s).* | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv- |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27  (ECF) 503.

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Marsha K. Roark.

2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A_____,

as _____of the estate of _____, deceased.

3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A_____.

4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:  N/A_____.

**Defendant(s)**

5.     Plaintiff(s)/Decedents Representative is/are suing the following Defendant(s) (check all that apply):

☐ Novo Nordisk Inc.

☐ Novo Nordisk A/S

☑ Eli Lilly and Company

☑ Lilly USA, LLC

☐ Other(s) (identify):_____.

## JURISDICTIION AND VENUE

6.     City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Plaintiff is a citizen of the United States; a citizen of the State of Louisiana; and a

2

resident of the town of Ferriday, Louisiana.

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Plaintiff's Physician(s) ("prescribing physician(s)") prescribed the Mounjaro

that was used by the Plaintiff in Ferriday, Louisiana.

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA

Product(s) at issue:

Plaintiff is and was a citizen of the State of Louisiana at the time of her use of  the

GLP-1 Ra Product(s) at issue.

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Plaintiff resided in Ferriday, Louisiana at the time of diagnosis of her injury(ies).

10.    Jurisdiction is based on:

☑Diversity of citizenship pursuant to 28 U.S.C. § 1332

☐Other (plead in sufficient detail as required by applicable rules):

_____.

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short

Form Complaint, absent this Court's CMO No. 14 and/or to where remand could be ordered:

Western District of Louisiana                                              .

12.    Venue is proper in the District Court identified in Paragraph 11 because:

☑    a substantial part of the events and omissions giving rise to Plaintiff(s)'
       claims occurred there.

☐    other (plead in sufficient detail as required by applicable rules):

_____.

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

3

_____.

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

☐    Ozempic (semaglutide)

☐    Wegovy (semaglutide)

☐    Rybelsus (oral semaglutide)

☐    Victoza (liraglutide)

☐    Saxenda (liraglutide)

☐    Trulicity (dulaglutide)

☑    Mounjaro (tirzepatide)

☐    Zepbound (tirzepatide)

☐    Other(s) (specify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s) (if multiple products, specify date range(s) for each product):

The Plaintiff used the medication Mounjaro (tirzepatide), manufactured by Eli Lilly and Company, et al from approximately July of 2024 through September of 2024.

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA

4

Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

☑ Gastroparesis

☑ Other gastro-intestinal injuries (specify) gastroparesis-like sequelae including epigastric pain, abdominal pain, GERD, heartburn, changes in bowel habits, constipation, nausea, vomiting, early satiety, food avoidance and reduced oral intake due to anticipated nausea and abdominal pain, and dehydration.

☐ Ileus

☐ Ischemic Bowel/Ischemic Colitis

☐ Intestinal Obstruction

☐ Necrotizing Pancreatitis

☐ Gallbladder Injury (specify) _____.

☐ Micronutrient Deficiency

☐ Wernicke's encephalopathy

☐ Aspiration

☐ Death

☑ Additional/Other(s) (specify): diabetic ketoacidosis and glycemic variability.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Plaintiff was caused to suffer injuries from gastroparesis and gastroparesis-like sequelae beginning on or about September 2024 and continuing thereafter, which resulted in, for example, years of epigastric pain, abdominal pain, GERD, heartburn,

changes in bowel habits, constipation, nausea and vomiting, early satiety, significant food avoidance and reduced oral intake due to anticipated nausea and abdominal pain following food consumption despite ongoing hunger and desire to eat, dehydration, diabetic ketoacidosis, and glycemic variability requiring multiple doctor's visits and hospitalization in September 2024.

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, paid and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

☑   Injury to self

☐   Injury to person represented

☑   Economic loss

☐   Wrongful death

☐   Survivorship

☐   Loss of Services

☐   Loss of consortium

☐   Other(s) (specify):_____.

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following causes of Action and allegations asserted int eh Master Complaint (check all that apply):

☑ Count I:     Failure to Warn – Negligence

☑ Count II:    Failure to Warn – Strict Liability

☑ Count III:   Breach of Express Warranty/Failure to Conform to Representations

☑ Count IV:   Breach of Implied Warranty

☑ Count V:   Fraudulent Concealment/Fraud by Omission

☑ Count VI:   Fraudulent/Intentional Misrepresentation

☑ Count VII:   Negligent Misrepresentation/Marketing

☑ Count VIII:   Strict Product Liability Misrepresentation/Marketing

☑ Count IX:   Innocent Misrepresentation/Marketing

☑ Count X:   Unfair Trade Practices/Consumer Protection (see below)

☑ Count XI:   Negligence

☑ Count XII:   Negligent Undertaking

☑ Count XIII:   State Product Liability Act (see below)

☐ Count XIV:   Wrongful Death

☐ Count XV:   Loss of Consortium

☐ Count XVI:   Survival Action

☐ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): _____.

20.   If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above.*

a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

La. R.S. 51:1401 et. Seq. known as the Unfair Trade Practices and consumer Protection Law, including, but not limited to, La. R.S. 51:1405, Unfair Acts or Practices and La. R.S. 51:4109, Private Actions, which allows Plaintiff to recover treble damages if the claim is proven.

b. Identify the factual allegations supporting those claims (by subsection, if applicable:

Defendants misled consumers regarding the safety and risks associated with use of their Glp-1 RA Products, by overstating benefits and understating risks from using the products. For more particular's facts, see Counts I through X and XIII, of the Amended Master Complaint (Doc. No 481) and the Factual Allegations Section of the Amended Master Complaint, paragraphs 29 through 110 and paragraphs 153 through 603.

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") pf any jurisdiction as identified in Count XIII above.*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

La. R.S. 9:2800.51 et. Seq., including, but not limited to, La R.S. 9:22900.56. Unreasonably dangerous in design; La R.S. 9:2800.57. Unreasonably dangerous because of inadequate warning; and La. R.S. 9:2800.58. Unreasonably dangerous because of nonconformity to express warranty.

b.  Identify the legal theories identified in Paragraph 19 above (*e.g.,* negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: See Counts 1 through X and XIII of the Amended Master Complaint. Including, Failure to Warn – Negligence; Failure to Warn – Strict Liability; Breach of Express Warranty/Failure to Conform to Representations; Breach of Implied Warranty; Fraudulent Concealment/Fraud of Omission; Fraudulent/ Intentional Misrepresentation; Negligent Misrepresentation/Marketing; Innocent Misrepresentation/Marketing; Unfair Trade Practices/Consumer Protection; Negligence; Negligent Undertaking; and the provisions of Louisiana Products Liability Law as set forth above.

c.  Identify the factual allegations supporting those claims: Defendants as both a seller and manufacturer of the GLP-1 Products produced a Defective product that was inherently unsafe and known to be unsafe to the ordinary consumer, and which Defendants knew could have been designed to be safer, and that would cause injury as produced and sold. Defendants also failed to provide adequate warnings, or information with regard to their product and misled consumers regarding the safety and risks associated with use of their GLP-1 Products, by overstating benefits and understating risks from using the products. For more particular's facts, see Counts I through XIII of the Amended Master Complaints (Doc. No. 481) and the Factual Allegations Section of the amended Master Complaint, paragraphs 29 through 110 and paragraphs 153 through 603.

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with*

9

*the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <u>N/A.</u> If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint,* as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>August 13, 2026</u>

By:

/s/**Wesley K. Elmer**
Wesley K. Elmer (LA BAR NO. 23724)
Nicholas Rockforte (LA BAR NO. 31305)
Derrick G. Earles (LA BAR NO. 29570)
David C. Laborde (LA BAR NO. 20907)
**LABORDE EARLES LAW FIRM**
1901 Kaliste Saloom Rd.
Lafayette, LA 70508
P: (337) 261-2617
F: (337) 261-1934
wesley@onmyside.com
nicholas@onmyside.com
digger@onmyside.com
david@onmyside.com

*Attorneys for Plaintiff, Marsha K. Roark*